UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIA ROSENGREN<br>**Plaintiff**<br><br>v.<br><br>ZEE IMPORTS, INC. d/b/a SAAB OF MILFORD, ALLY FINANCIAL INC. f/k/a GMAC, INC., and CHASE BANK USA, NA a/k/a FIRST USA BANK,<br>**Defendants** | CASE NUMBER:<br><br>COMPLAINT<br><br><br><br><br>JUNE 2, 2010 |

## I. INTRODUCTION

1. This is a suit brought by a consumer, Maria Rosengren, against GMAC, Inc., Chase Bank USA, NA a/k/a First USA Bank, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Plaintiff also brings claims against Zee Imports, Inc. d/b/a Saab of Milford for violations of the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*

## II. PARTIES

2. Plaintiff, Maria Rosengren, is a natural person residing in Ivoryton, Connecticut. Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c).

3. Defendant Zee Imports, Inc. d/b/a Saab of Milford ("Zee") is a Connecticut automobile dealership and a Connecticut corporation.

4. Defendant Ally Financial Inc. f/k/a GMAC, Inc. ("GMAC") is a Delaware corporation that provides financing to Connecticut consumers for automobile purchases

and is also a "user" of consumer reports as contemplated by the FCRA.

5. Defendant Chase Bank USA, NA a/k/a First USA Bank ("First USA Bank") is a National Bank headquartered in Delaware and is also a "user" of consumer reports as contemplated by the FCRA.

## III. JURISDICTION

6. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a).

7. This Court has jurisdiction over the defendants because they regularly conduct business in this state.

8. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the violations that are the subject of this litigation occurred within this State.

## IV. FACTUAL ALLEGATIONS

9. On or around September 18, 2009, Plaintiff purchased a Saab ("the Vehicle") from Zee and entered into a valid retail installment contract ("the Contract") with Zee to finance the purchase and sale of the Vehicle.

10. The Contract was dated September 18, 2009; under the terms of the Contract, Plaintiff was the Buyer and Zee was the Seller.

11. Despite the fact Plaintiff had already entered into a valid and enforceable retail installment sales contract with Zee, Zee's general manager Nick Slater subsequently called Plaintiff and told her that the Contract had been "sent back," and that Zee needed Plaintiff to provide additional financial information so that Zee could place the Contract with another financial entity.

12. Nick Slater continued to call Plaintiff, and he threatened to reposess the Vehicle if she failed to comply with Zee's demands.

13. Presumably as a result Zee's difficulty in assigning the Contract to a financial entity as it had originally planned, Zee solicited other credit entitites to make inquiries into Plaintiff's credit reports without her permission and despite the fact that, at the time those inquries were made, Plaintiff was not seeking an extension of credit and had no desire to obtain credit.

14. First USA Bank made an unauthorized inquiry into Plaintiff's Experian Information Solutions, Inc. ("Experian ")report on or around October 8, 2009.

15. GMAC made an unauthorized inquiry into Plaintiff's Trans Union, LLC ("Trans Union") report on or around October 29, 2009.

### FIRST CAUSE OF ACTION
### Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant First USA Bank

16. Plaintiff incorporates Paragraphs 1-15.

17. First USA Bank is a person as that term is defined by the FCRA, § 1681a(b).

18. Pursuant to FCRA § 1681b(f), First USA Bank is prohibited from using or obtaining a consumer report unless the report is obtained for a permissible purpose and such purpose is certified by the user in accordance with the FCRA.

19. First USA Bank violated FCRA § 1681b(f) by inquiring into Plaintiff's Experian report even though Plaintiff was not seeking an extension of credit and had no desire to obtain credit at that time.

20. For its negligent violations of the FCRA, First USA Bank is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

## SECOND CAUSE OF ACTION
**Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. – Defendant GMAC**

21. Plaintiff incorporates Paragraphs 1-17.

22. GMAC is is a person as that term is defined by the FCRA, § 1681a(b).

23. Pursuant to FCRA § 1681b(f), GMAC is prohibited from using or obtaining a consumer report unless the report is obtained for a permissible purpose and such purpose is certified by the user in accordance with the FCRA.

24. GMAC violated FCRA § 1681b(f) by inquiring into Plaintiff's Trans Union report even though Plaintiff was not seeking an extension of credit and had no desire to obtain credit at that time.

25. For its negligent violations of the FCRA, GMAC is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

## THIRD CAUSE OF ACTION
**Violations of the Creditor Collection Practices Act ("CCPA")**
**Conn. Gen. Stat. § 36a-645**
**Defendant Zee**

26. Plaintiff incorporates Paragraphs 1-12.

27. Zee violated the CCPA and the regulations promulgated thereunder by its when it threatened to reposess Plaintiff's Vehicle when it had no legal right to do so.

28. For Zee's violation of the Creditor Collection Practices Act as described above, the Plaintiff is entitled to recover her actual damages, statutory damages of $1,000, and reasonable attorney's fees, pursuant to Public Act No. 07-176.

### FOURTH CAUSE OF ACTION
### Violations of the Conecticut Unfair Trade Practices Act ("CUTPA")
### Conn. Gen. Stat. § 42-110a *et seq.*
### Defendant Zee

29. Plaintiff incorporates Paragraphs 1-15.

30. Zee violated CUTPA by its activities described above.

31. Zee's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such as to cause substantial injury to consumers.

32. Plaintiff sustained an ascertainable loss as a result of Zee's acts.

33. Zee is liable to Plaintiff for her actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, Plaintiff seeks recovery of monetary damages; statutory damages pursuant to 15 U.S.C. § 1681n; punitive damages pursuant to 15 U.S.C. § 1681n; costs and attorney's fees pursuant to 15 U.S.C. § 1681n; damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681o; actual damages, statutory damages, and attorney's fees pursuant to Public Act No. 07-176; actual damages, punitive damages, and attorney's fees pursunt to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

PLAINTIFF, MARIA ROSENGREN

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
Matthew W. Graeber, Fed Bar No. ct27545
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457
dblinn@consumerlawgroup.com
mgraeber@consumerlawgroup.com